IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

OMAR F. MOHAMED, and
HARMONEE RUMPHOL,
minor, by her Guardian ad Litem,

        Plaintiffs,                            OPINION and ORDER

and                                                16-cv-651-wmc

STATE OF WISCONSIN DEPARTMENT
OF HEALTH SERVICES and CONTINUUS,

        Involuntary Plaintiffs,

        v.

DAIMLER TRUCKS NORTH AMERICA, LLC and
STERLING TRUCK CORPORATION,

        Defendants.
_____

        In this civil action, plaintiffs allege that defendants Daimler Trucks North America, LLC, and Sterling Truck Corporation are liable for money damages arising out of an accident in which plaintiff Omar Mohamed's vehicle rolled on its side, based on various alleged defects in the vehicle. (Compl. (dkt. #1) ¶¶ 8, 10.) Plaintiffs invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 1.) Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiffs will be given an opportunity to file a declaration or affidavit containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend in the complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are completely diverse. (Compl. (dkt. #1) ¶ 1.) For the latter to be true, however, no plaintiff can be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Plaintiff's allegations as to citizenship of all parties prevent this court from determining whether this is so.

With respect to defendant Daimler Trucks North America, LLC, the plaintiffs have not alleged sufficient information to determine whether complete diversity exists here because "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The complaint lacks any allegations regarding the name or the citizenship of any member of defendant Daimler Trucks North America, LLC. Instead, plaintiffs allege that Daimler Trucks North America, LLC is "a Delaware limited liability company with its principle place of

business in Portland, Oregon." (Compl. (dkt. #1) ¶ 6.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in determining the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).[1]

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days a declaration or affidavit that establishes subject matter jurisdiction by alleging the names and citizenship of each member of defendant Daimler Trucks North America, LLC.

## ORDER

IT IS ORDERED THAT:

1) plaintiffs shall have until February 17, 2017, to file a declaration or affidavit containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to do so timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 3rd day of February, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLC are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).