UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

H.R., minor, by her Guardian ad Litem,
Charles M. Bye,
258 Riverside Drive
River Falls, WI 54022                             **CASE NO. 16-CV-651**

ESTATE OF OMAR F. MOHAMED,
by the Personal Representative of his estate,     **AMENDED COMPLAINT**
Charles M. Bye,                                   **CLAIM IN EXCESS OF $75,000**
258 Riverside Drive
River Falls, WI 54022

        Plaintiffs,

STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES
Office of Legal Counsel
1 West Wilson Street
Madison, WI 53703,

CONTINUUS
18516 US Highway 14
Lone Rock, WI 53556,

        Involuntary Plaintiffs,
  -vs-

DAIMLER TRUCKS NORTH AMERICA, LLC
4747 Channel Avenue
Portland, OR 97217,

STERLING TRUCK CORPORATION
c/o Its Registered Agent CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

        Defendants.
_____

    The Estate of Omar F. Mohamed and H.R., a minor by her Guardian ad Litem, Plaintiffs, complain of the above-named defendants as follows:

    1.    The Court has jurisdiction over this cause of action because this is a cause of action between plaintiffs, residents of Wisconsin, and foreign defendants, and the amount in controversy

1

exceeds $75,000.00, exclusive of interest and costs.

2. Omar F. Mohamed, was an alien refugee who came to the United States in 2003. He was a permanent resident in the State of Wisconsin and has been domiciled in the State of Wisconsin from 2003 until his death.

3. On May 5, 2017, Omar F. Mohamed died as a result of complications of quadriplegia resulting from injuries sustained on December 15, 2014, while an occupant of a 2002 Sterling A9500 (VIN 2FWBA3AN82AK16705).

4. Charles M. Bye is an attorney licensed to practice law in the State of Wisconsin, with offices at 258 Riverside Drive, River Falls, Wisconsin; Charles M. Bye has been appointed the Personal Representative of the Estate of Omar F. Mohamed.

5. Plaintiff, H. R., is a minor citizen of the State of Wisconsin, born on in 2013; said minor is the daughter of the plaintiff, Omar F. Mohamed. Charles M. Bye is an attorney licensed to practice law in the State of Wisconsin, with offices at 258 Riverside Drive, River Falls, Wisconsin; Charles M. Bye is the duly-appointed Guardian ad Litem of the minor, H. R.

6. Involuntary plaintiff, State of Wisconsin Department of Health Services, is a department of the sovereign entity of the State of Wisconsin with its principal place of business and offices located at 1 Wilson Street, Madison, Wisconsin; at all times pertinent, State of Wisconsin Department of Health Services has paid medical and related expenses on behalf of the plaintiff, Omar F. Mohamed, as a result of the injuries he sustained as hereinafter set forth and may be so obliged in the future; that the State of Wisconsin Department of Health Services may have no legal right to subrogation or reimbursement despite its payment of benefits in the past or the future, but by reason of such payments, the State of Wisconsin Department of Health Services is a proper party herein.

7. Involuntary plaintiff, ContinuUs, a Managed Care Organization is a Wisconsin

corporation with its principal place of business and offices located at 28526 US Highway 14, Lone Rock, Wisconsin 53556; at all times pertinent, ContinuUS has paid medical and related expenses on behalf of the plaintiff, Omar F. Mohamed, as a result of the injuries he sustained as hereinafter set forth and may be so obliged in the future; that ContinuUS may have no legal right to subrogation or reimbursement despite its payment of benefits in the past or the future, but by reason of such payments, ContinuUS is a proper party herein.

8. Defendant Daimler Trucks North America, LLC is a Delaware limited liability company with its principal place of business in Portland, Oregon. At all times pertinent, Daimler Trucks North America, LLC was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling trucks. Daimler Trucks North America, LLC, owns Sterling Truck Corporation as a subsidiary.

9. Sterling Truck Corporation is a Delaware Corporation with its principal place of business in the State of Oregon. The statutory agent for service of process upon defendant Sterling Truck Corporation in Wisconsin is CT Corporation System 8040 Excelsior Drive, Suite 200, Madison, WI 53717. At all times pertinent, Sterling Truck Corporation was and is in the business of designing, manufacturing, marketing, promoting, advertising, and selling motor vehicles including the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, at issue in this case. Sterling Truck Corporation is a wholly owned subsidiary of Daimler Trucks North American LLC.

10. On December 15, 2014, at approximately 8:11 a.m., Omar F. Mohamed was a properly seatbelted driver of a 2002 Sterling A9500 (VIN 2FWBA3AN82AK16705) on Hwy G in Polk County, WI, when the 2002 Sterling A9500 rolled over onto its side near the intersection with Hwy 35.

11. On the above date and time, the 2002 Sterling A9500 (VIN 2FWBA3AN82AK16705) failed to provide reasonable occupant protection to the plaintiff, Omar F.

3

Mohamed, in a foreseeable rollover.

12. On the above date and time, the 2002 Sterling A9500 was defective in its: occupant protection system, roof structure, seatbelt system, seat, warnings, and crashworthiness.

13. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, designed, manufactured, and sold the 2002 Sterling A9500 truck (VIN 2FWBA3AN82AK16705).

14. As a result of the defects in the 2002 Sterling A9500 (VIN 2FWBA3AN82AK16705), plaintiff Omar F. Mohamed suffered serious, permanent, and disabling enhanced injuries, including a fractured neck rendering him a quadriplegic with virtually no use of his arms and legs, and which ultimately resulted in his death.

15. Defendants Sterling Truck Corporation and Daimler Trucks North America LLC were negligent in the design, manufacturing, testing, warning, and sale of the 2002 Sterling A9500 (VIN 2FWBA3AN82AK16705).

16. The negligence of defendants Sterling Truck Corporation and Daimler Trucks North America was a cause of enhanced injuries and the death of Omar F. Mohamed.

17. Omar F. Mohamed's injuries were enhanced and increased over and above that which he would have been expected to receive if the 2002 Sterling A9500 had not been defective.

**PERSONAL JURISDICTION**

18. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, designed, manufactured, distributed, marketed, advertised, and sold trucks into the stream of commerce, including transactions directly conducted by and/or through dealerships located in Wisconsin. Defendants continue to service trucks by and through their dealerships located in Wisconsin, including service dealerships in De Pere, Fond du Lac, La Crosse, Marshfield, Milwaukee, Prentice, Superior, West Allis, and Madison, Wisconsin. Defendants also marketed, advertised, and sold their trucks in the State of Wisconsin. Defendants knew at all times during the

4

manufacture and sale of these trucks that the truck model in question would travel among and through each and every state, including Wisconsin, and defendants should have reasonably anticipated the need to answer suit arising out of the design, manufacture, distribution, marketing, advertising, and sale of those trucks in Wisconsin. Defendants' contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

19. Additionally, and in the alternative, defendants purposefully availed themselves to business dealings in the State of Wisconsin, placed their trucks in the stream of commerce, and conferring jurisdiction comports with the notions of fair play and substantial justice. Defendants' contacts with the State of Wisconsin are sufficient to support proper exercise of personal jurisdiction over defendants.

## VENUE

20. Venue is proper in the Western District of Wisconsin, because defendants reside in this District and are subject to personal jurisdiction herein. 28 U.S.C. §1391(a)(1)(c). For the purposes of venue, corporate defendants are deemed to reside in any district in which their contacts support the assertion of personal jurisdiction if all defendants reside in the same state. *Id.*

21. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, are both subject to personal jurisdiction in Wisconsin because the operation of dealerships in Wisconsin (including Madison, Wisconsin) constitutes continuous and systematic contacts.

22. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, are all subject to personal jurisdiction in Wisconsin because defendants, by the manufacture and sale of trucks and restraint systems, placed products into the stream of commerce in Wisconsin and knew or should have known that their trucks and restraint systems travel to and throughout Wisconsin.

23. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, both operate dealerships in the Western District of Wisconsin.

24. Defendants place trucks and restraint systems into the stream of commerce through the operation of dealerships in the Western District of Wisconsin and it is foreseeable that their trucks and restraint systems would be found in the Western District of Wisconsin.

25. The incident which forms the basis of this complaint occurred in Polk County, Wisconsin, which is in the Western District of Wisconsin.

## FIRST CAUSE OF ACTION – STRICT LIABILITY – ENHANCED INJURY, WRONGFUL DEATH/SURVIVOR CLAIM
## STERLING TRUCK CORPORATION AND DAIMLER TRUCKS NORTH AMERICA, LLC

26. Plaintiffs reallege and reincorporate paragraphs 1 through 25 herein.

27. The 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured Omar F. Mohamed, was designed, manufactured, tested, marketed, advertised, distributed, and sold by defendants Sterling Truck Corporation and Daimler Trucks North America, LLC.

28. The 2002 Sterling A9500's VIN 2FWBA3AN82AK16705 occupant protection system, including the roof structure, seatbelt system, seat, and crashworthiness was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of defendant Sterling Truck Corporation and Daimler Trucks North America, LLC.

29. At the time the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured and killed Omar Mohamed, was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers.

30. The 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured and killed Omar F. Mohamed, was expected to and did reach Omar F. Mohamed without substantial change in

the condition in which it was sold.

33. The 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured and killed Omar F. Mohamed, was defective because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, and the omission of the alternative designs rendered the 2002 Sterling A9500 not reasonably safe.

32. The 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured and killed Omar F. Mohamed, was defective because the vehicle departed from its intended design.

33. The 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, which injured and killed Omar F. Mohamed, was defective because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by the defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, and the omission of the instructions or warnings rendered the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, not reasonably safe.

34. The unreasonably dangerous and defective condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, was a substantial factor in causing the enhanced injuries and death of Omar F. Mohamed.

35. Collisions and injury producing impacts are foreseeable and incident to the normal and expected use of a motor vehicle. Therefore, at the time of the accident described herein, the 2002 Sterling A9500 was being used in a manner reasonably anticipated by defendants Sterling Truck Corporation and Daimler Trucks North America, LLC.

36. As a result of the defective and unreasonably dangerous condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, Omar F. Mohamed sustained enhanced injuries as that term is used in *Farrell v. John Deere Company*, 151 Wis. 2d 45, 443 N.W.2d 50 (1989), and was caused to suffer damages and continued to suffer damages until his death, for which he claims

damages in an unspecified amount.

37. As a result of the defective and unreasonably dangerous condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, Omar F. Mohamed was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital, medical, professional, and incidental expenses, and by reason of his injuries incurred expenses through the time of his death, the exact amount of which expenses will be stated according to proof at the time of trial, for which his estate claims damages in an unspecified amount.

38. As a result of the defective and unreasonably dangerous condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, Omar F. Mohamed's ability and capacity for work and labor, and for enjoyment of life, was damaged, diminished, and impaired through the time of his death. Omar F. Mohamed also lost certain time and monies from his employment, for which his estate claims damages in an unspecified amount.

39. As a result of the defective and unreasonably dangerous condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, Omar F. Mohamed has suffered and endured pain, suffering and disability for which his estate claims damages in an unspecified amount.

40. As a result of the defective and unreasonably dangerous condition of the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, plaintiff H.R. by her Guardian ad Litem claims damage against defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, for pecuniary loss and for the loss of services, society, and companionship of her father, Omar Mohamed, due to the injuries he sustained and as a result of his death, in an unspecified amount.

**SECOND CAUSE OF ACTION – NEGLIGENCE – ENHANCED INJURY,
WRONGFUL DEATH/SURVIVOR CLAIM
DEFENDANTS STERLING TRUCK CORPORATION AND DAIMLER TRUCKS NORTH
AMERICA, LLC**

41. Plaintiffs reallege and reincorporate paragraphs 1 through 40 herein.

8

42. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, designed, manufactured, tested, marketed, distributed, and sold the 2002 Sterling A9500, VIN 2FWBA3AN82AK16705, in the ordinary course of its business.

43. Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, were negligent in the design, testing, manufacture, warnings, and sale of the 2002 Sterling A9500's, VIN 2FWBA3AN82AK16705, occupant protection system, roof structure, seatbelt system, seat, and crashworthiness, which failed to adequately and properly protect Omar F. Mohamed in a foreseeable rollover.

44. The negligence of defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, was a substantial factor in causing Omar F. Mohamed's serious and disabling enhanced injuries and death, as that term is used in *Farrell v. John Deere Company*, 151 Wis. 2d 45, 443 N.W.2d 50 (1989).

45. Collisions and injury producing impacts are foreseeable and incident to the normal and expected use of a motor vehicle. Therefore, at the time of the accident described herein, the 2002 Sterling A9500 was being used in a manner reasonably anticipated by defendants Sterling Truck Corporation and Daimler Trucks North America, LLC.

46. As a result of the negligence of defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, Omar F. Mohamed sustained enhanced injuries as that term is used in *Farrell v. John Deere Company*, 151 Wis. 2d 45, 443 N.W.2d 50 (1989), and was caused to suffer damages and continued to suffer damages until his death, for which his estate claims damages in an unspecified amount.

47. As a result of the negligence of defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, Omar F. Mohamed was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, and did incur hospital,

medical, professional, and incidental expenses, and by reason of his injuries incurred additional like expenses until his death, the exact amount of which expenses will be stated according to proof at the time of trial, for which his estate claims damages in an unspecified amount.

48. As a result of the negligence of defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, Omar F. Mohamed's ability and capacity for work and labor, and for enjoyment of life, has been damaged, diminished, and impaired. Omar F. Mohamed also lost certain time and monies from his employment, for which his estate claims damages in an unspecified amount.

49. As a result of the negligence of Defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, Omar F. Mohamed has suffered endured pain, suffering and disability through the time of his death, for which his estate claims damages in an unspecified amount.

50. As a result of the negligence of defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, plaintiff H.R. claims damages against the defendants for pecuniary loss and for the loss of services, society, and companionship of her father, Omar F. Mohamed, due to the injuries he sustained and his death, in an unspecified amount.

WHEREFORE, plaintiffs, the Estate of Omar F. Mohamed and H.R., demand judgment in their favor for damages against the defendants jointly and severally together with the taxable costs and disbursements incurred herein.

Furthermore, in the event the State of Wisconsin Department of Health Services and ContinuUs timely and properly appears in this action, then for judgment determining the rights of State of Wisconsin Department of Health Services and ContinuUS as against defendants Sterling Truck Corporation and Daimler Trucks North America, LLC, and all other named defendants and any and all parties which may be added to this lawsuit in the future upon any claim of subrogation or reimbursement asserted by State of Wisconsin Department of Health Services and ContinuUs and

to the extent that State of Wisconsin Department of Health Services and ContinuUS may be entitled to judgment.

In the alternative, if State of Wisconsin Department of Health Services and ContinuUS do not timely and properly appear in this action then for default judgment determining that State of Wisconsin Department of Health Services and ContinuUS have no claim of subrogation or reimbursement.

Dated at Milwaukee, Wisconsin this 2nd day of August, 2017.

                                          MURPHY & PRACHTHAUSER
                                        Attorneys for Plaintiffs

                                        By:   *Electronically signed by Thadd J. Llaurado*
                                                  Thadd J. Llaurado (#1000773)
                                                  Keith R. Stachowiak (#1000050)

**P. O. ADDRESS:**
330 East Kilbourn Avenue, Suite 1200
Milwaukee, WI  53202
(414) 271-1011
tllaurado@murphyprachthauser.com
kstachowiak@murphyprachthauser.com

Dated at River Falls, Wisconsin, this 2nd day of August, 2017.

                                        BYE, GOFF & ROHDE, LTD.
                                        Attorneys for Plaintiffs, GAL for H.R., and
                                        Personal Representative of the Estate of
                                        Omar F. Mohamed

                                        By:   *Electronically signed by Charles M. Bye*
                                                  Charles M. Bye (#1012649)

**P.O. ADDRESS:**
258 Riverside Drive
P.O. Box 167
River Falls, WI 54022
(715) 425-8161
chuck@byegoff.com